IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                                          )<br>               **Plaintiff/Respondent**,   )<br>                                                          )    Case No. 11-40044-01-JAR<br>v.                                                     )    Case No. 15-4908-JAR<br>                                                          )<br>DEMETRIO QUESADA,                    )<br>                                                          )<br>                **Defendant/Petitioner.**     )<br>_____)| |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Demetrio Quesada's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 877). In his motion, Petitioner seeks relief on the grounds that he was denied effective assistance of counsel with respect to his request to file a notice of appeal. The government has responded (Doc. 879). Having carefully reviewed the record and the arguments presented, the Court exercises its discretion and orders the parties to expand the record as set forth below.

**I.      Factual and Procedural Background**

On March 29, 2013, Petitioner entered a guilty plea to Count 1 of a Superseding Indictment, charging a violation of 21 U.S.C. § 846, conspiracy to distribute more than 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine.[1] Petitioner entered his plea after reaching a plea agreement with the government under Fed. R. Crim. P. 11(c)(1)(C).[2] He was represented by Robert W. Lyons and Jerold E. Berger. In exchange for Petitioner's plea to Count 1, the parties proposed that Petitioner receive a sentence

---

[1] Doc. 590.

[2] *Id.*

of 240 months' custody on Count 1 pursuant to Rule 11(c)(1)(C).[3]

On July 7, 2014, this Court sentenced Petitioner to 216 months' custody.[4] The Court imposed this sentence after the government recommended that Petitioner receive a reduction beyond the 240-month term proposed in the plea agreement under U.S.S.G. § 5K1.1.[5] Petitioner did not file a notice of appeal, and this timely § 2255 motion followed.

## II. Discussion

Petitioner claims that his attorneys disregarded his request to file a notice of appeal. Petitioner alleges that "as soon as the Court pronounced sentence," he "told Counsel that he wanted to pursue an appeal by stating, 'I want an appeal.'" Petitioner claims that counsel replied, "okay," but did not file the notice of appeal. The government responds that Petitioner's conclusory allegation, unsupported by detailed facts, is not enough. The government has provided an affidavit authored by one of Petitioner's attorneys, Mr. Berger, who summarily states under oath that Petitioner did not request either him nor Mr. Lyons to file a notice of appeal.[6] Petitioner has not filed a reply.

A particularized claim that counsel failed to file a notice of appeal despite a timely request is generally sufficient to warrant relief.[7] "[A] lawyer who disregards specific instructions to perfect a criminal appeal acts in a manner that is both professionally unreasonable

---

[3]*Id.* at 44, ¶ 3.

[4]Doc. 825.

[5]Docs. 804, 817.

[6]Doc. 879, Ex. A.

[7]*United States v. Jasso Chavero*, —F. App'x —, 2015 WL 6735648, at *2 (10th Cir. Nov. 4, 2015) (citing *United Sates v. Snitz*, 342 F.3d 1154, 1155–56 (10th Cir. 2003);

and presumptively prejudicial."[8]  Because Petitioner affirmatively states that he asked counsel to file an appeal, his allegation entitles him to relief if proven to be true, particularly when afforded a liberal construction due to his pro se status.[9]  Thus, the Court is presented with a credibility determination.

At this point, however, the Court declines to order an evidentiary hearing without first exercising its discretion to develop the record on this issue.  The Tenth Circuit has noted that the district court retains the "flexibility" or discretion "to utilize alternative methods to expand the record without conducting an extensive hearing."[10]  The Supreme Court has said that a § 2255 movant is not always entitled to a full hearing simply because the record "does not conclusively and expressly belie his claim."[11]  District courts retain the "discretion to exercise their common sense" and dispose of these issues without a hearing when a movant's factual allegations are "vague, conclusory, or palpably incredible."[12]

Thus, this Court will give both sides sixty (60) days to expand the record.  Petitioner is expected to supply a sworn statement setting forth the factual details in support of his claim that he requested his counsel to file a notice of appeal.  The government is expected to submit affidavits from 1) Robert Lyons, Petitioner's additional sentencing counsel, on the facts surrounding the § 2255 issue; and 2) Rosario Garriga, who served as Petitioner's interpreter at the sentencing hearing.  The Court will determine the need for an evidentiary hearing after

---

[8] *Snitz*, 342 F.3d at 1155–56.

[9] *Jasso Chavero*, 2015 WL 6735648, at *2 (citing *Barnett v. Hargett*, 174 F.3d 1128, 133 (10th Cir. 1999)).

[10] *United States v. Lee-Speight*, 529 F. App'x 903, 907 n.5 (10th Cir. 2013).

[11] *Machibroda v. United States*, 368 U.S. 495 (1962).

[12] *Id.* at 495–96.

3

reviewing the expanded record.

**IT IS THEREFORE ORDERED** that both sides will have sixty (60) days from the filing date of this Order to expand the record as discussed above.

**IT IS SO ORDERED.**

Dated: November 23, 2015

                                         S/ Julie A. Robinson

                                         JULIE A. ROBINSON

                                         UNITED STATES DISTRICT JUDGE