## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | Case No. 11-40044-01-JAR |
| v. | ) | Case No. 15-4908-JAR |
| | ) | |
| DEMETRIO QUESADA, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Demetrio Quesada's Motion under 28
U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc.
877). In his motion, Petitioner seeks relief on grounds that he was denied effective assistance of
counsel with respect to his request to file a notice of appeal. The Government has responded
(Doc. 879). The Court ordered the parties to expand the factual record on Petitioner's claim that
he requested his counsel to file a notice of appeal (Doc. 882). The Government filed a Notice of
Supplement to Record (Doc. 885). Petitioner has not moved to supplement or expand the record
or otherwise responded to the Court's order. Having carefully reviewed the record and the
arguments presented, the Court denies Petitioner's motion without further evidentiary hearing.

### I.      Standards

#### A.      General

Under 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws
> of the United States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess of the

maximum authorized by law, or is otherwise subject to collateral
attack, may move the court which imposed the sentence to vacate,
set aside or correct the sentence.[1]

An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records

of the case conclusively show that the prisoner is entitled to no relief."[2]  Petitioner must allege

facts which, if proven, would warrant relief from his conviction or sentence.[3]  An evidentiary

hearing is not necessary where the factual allegations in a § 2255 motion are contradicted by the

record, inherently incredible, or when they are conclusions rather than statements of fact.[4]

A district court may grant relief under § 2255 if it determines "that the judgment was

rendered without jurisdiction, or that the sentence imposed was not authorized by law or

otherwise open to collateral attack, or that there has been such a denial or infringement of the

constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."[5]

"Review under § 2255 is not an alternative to appellate review for claims that could have been

presented on direct appeal but were not."[6]  A movant may overcome this procedural bar by

showing either of "two well recognized exceptions."[7]  First, the movant must show good cause

for not raising the issue earlier and actual prejudice to the movant's defense if the issue is not

---

[1] 28 U.S.C. § 2255(a).

[2] 28 U.S.C. § 2255(b).

[3] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235 (1996).

[4] *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d
238, 240 (8th Cir. 1995)); *see also Hatch*, 58 F.3d at 1471 ("[t]he allegations must be specific and particularized, not
general or conclusory"); *United States v. Fisher*, 38 F.3d 1143, 1147 (10th Cir. 1994) (rejecting ineffective
assistance of counsel claims which are merely conclusory in nature and without supporting factual averments).

[5] 28 U.S.C. § 2255.

[6] *United States v. Magleby*, 420 F.3d 1136, 1139 (10th Cir. 2005), *cert. denied,* 547 U.S. 1097 (2006).

[7] *United States v. Cervini,* 379 F.3d 987, 990 (10th Cir. 2004), *cert. denied*, 544 U.S. 904 (2005).

considered.[8]  Cause may "be established by showing that counsel rendered constitutionally

ineffective assistance."[9]  Second, the "failure to consider the federal claims will result in a

fundamental miscarriage of justice."[10]

**B.     Ineffective Assistance of Counsel**

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall

enjoy the right . . . to have the Assistance of Counsel for his defence."[11]  A successful claim of

ineffective assistance of counsel must meet the two-pronged test set forth in *Strickland v.*

*Washington.*[12]  First, a defendant must show that his counsel's performance was deficient in that

it "fell below an objective standard of reasonableness."[13]  To meet this first prong, a defendant

must demonstrate that the omissions of his counsel fell "outside the wide range of professionally

competent assistance."[14]  This standard is "highly demanding."[15]  Strategic or tactical decisions

on the part of counsel are presumed correct, unless they were "completely unreasonable, not

merely wrong, so that [they] bear no relationship to a possible defense strategy."[16]  In all events,

---

[8]*Id.*

[9]*United States v. Wiseman,* 297 F.3d 975, 979 (10th Cir. 2002) (citations omitted).

[10]*Cervini,* 379 F.3d at 990 (quoting *Coleman v. Thompson,* 501 U.S. 722, 750 (1991)); *see Bousley v. United States,* 523 U.S. 614, 621–22 (1998) (holding that a showing of actual innocence meets the fundamental miscarriage of justice prong).

[11]U.S. Const. amend. VI; *see Kansas v. Ventris*, 556 U.S. 586 (2009).

[12]466 U.S. 668 (1984).

[13]*Id.* at 688.

[14]*Id.* at 690.

[15]*Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

[16]*Fox v.Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quotation and citations omitted).

judicial scrutiny of the adequacy of attorney performance must be strongly deferential: "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[17]  Moreover, the reasonableness of the challenged conduct must be evaluated from counsel's perspective at the time of the alleged error; "every effort should be made to 'eliminate the distorting effects of hindsight.'"[18]

Second, a defendant must also show that his counsel's deficient performance actually prejudiced his defense.[19]  To prevail on this prong, a defendant "must show there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different."[20]  A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome."[21]  This, in turn, requires the court to focus on "the question whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[22]

A defendant must demonstrate both *Strickland* prongs to establish a claim of ineffective assistance of counsel, and a failure to prove either one is dispositive.[23]  "The performance component need not be addressed first.  'If it is easier to dispose of an ineffectiveness claim on

---

[17]*Strickland*, 466 U.S. at 689.

[18]*Edens v. Hannigan*, 87 F.3d 1109, 1114 (10th Cir. 1996) (quoting *Strickland*, 466 U.S. at 689).

[19]*Strickland*, 466 U.S. at 687.

[20]*Id*. at 694.

[21]*Id*.

[22]*Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

[23]*Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

4

the ground of lack of sufficient prejudice . . . that course should be followed.'"[24]

## II.      Factual and Procedural Background

On March 29, 2013, Petitioner entered a guilty plea to Count 1 of a Superseding Indictment, charging a violation of 21 U.S.C. § 846, conspiracy to distribute more than 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine.[25]  Petitioner entered his plea after reaching a plea agreement with the Government under Fed. R. Crim. P. 11(c)(1)(C).[26]  He was represented by Robert W. Lyons and Jerold E. Berger.  In exchange for Petitioner's plea to Count 1, the parties proposed that Petitioner receive a sentence of 240 months' custody on Count 1 pursuant to Rule 11(c)(1)(C).[27]

On July 7, 2014, this Court sentenced Petitioner to 216 months' custody.[28]  The Court imposed this sentence after the Government recommended that Petitioner receive a reduction beyond the 240-month term proposed in the plea agreement under U.S.S.G. § 5K1.1.[29]  Petitioner did not file a notice of appeal, and this timely § 2255 motion followed.

## III.      Discussion

Petitioner claims that his attorneys disregarded his request to file a notice of appeal so

---

[24]*Id*. (quoting *Strickland*, 466 U.S. at 697); *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

[25]Doc. 590.

[26]*Id.*

[27]*Id.* at 44, ¶ 3.

[28]Doc. 825.

[29]Docs. 804, 817.

5

that he could appeal his sentence.  Petitioner, who required an interpreter, alleges that "as soon as the Court pronounced sentence," he "told Counsel that he wanted to pursue an appeal by stating, 'I want an appeal.'"  Petitioner claims that counsel replied, "okay," but did not file the notice of appeal.  The Government responds that Petitioner's unsworn allegation, unsupported by detailed facts, is insufficient.

As previously discussed, a particularized claim that counsel failed to file a notice of appeal despite a timely request is generally sufficient to warrant relief.[30]  "[A] lawyer who disregards specific instructions to perfect a criminal appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial."[31]  "But this does not imply that a habeas petitioner is automatically entitled to an evidentiary hearing merely because he makes an allegation that his attorney refused to file an appeal."[32]  The primary issue before the Court is whether an evidentiary hearing is needed on this claim.  Here, Petitioner does not expand the record to provide details surrounding his request, such as which of his two counsel present he asked, whether the interpreter relayed his request, whether he called or contacted counsel after the hearing or upon receiving the Judgment, or the specifics of any conversation they had about filing an appeal.  By contrast, the Government has provided  affidavits authored by both of Petitioner's attorneys, Mr. Berger and Mr. Lyons, who state under oath that Petitioner did not ask either of them in court to file a notice of appeal, after the plea or at the sentencing hearing.[33]

---

[30]*United States v. Jasso Chavero*, 630 F. App'x 866, 868 (10th Cir. 2015) (citing *United States v. Snitz*, 342 F.3d 1154, 1155–56 (10th Cir. 2003)).

[31]*Snitz*, 342 F.3d at 1155–56.

[32]*United States v. Harrison*, 375 F. App'x 830, 833 (10th cir. 2010).

[33]Doc. 879, Ex. A; Doc. 885, Ex. 2.

The Government also provides the affidavit of Rosario Garriga, who served as an interpreter at Petitioner's sentencing hearing; Ms. Garriga avers that she has no specific recollection of the hearing.[34]

To warrant an evidentiary hearing, a petitioner must present detailed and specific facts to back up his allegation, instead of "vague, conclusory, or palpably incredible" allegations.[35] Based on the expanded record before it, the Court concludes that an evidentiary hearing is not needed.  Petitioner's conclusory allegations are without supporting factual averments, and are contradicted by the record.  Accordingly, Petitioner's claim of ineffective assistance of counsel is denied.[36]

## IV.    Certificate of Appealability

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of

---

[34]Doc. 885, Ex. 1.

[35]*United States v. Harrison*, 375 F. App'x 830, 833 (10th Cir. 2010).

[36]Even if counsel failed to heed Petitioner's request, however, such alleged failure did not prejudice Petitioner under *Strickland's* second prong.  Because Petitioner entered his plea pursuant to Fed. R. Crim. P. 11(c)(1)(C) and received a sentence below the sentence he bargained for in his plea agreement, the Tenth Circuit Court of appeals did not have jurisdiction to adjudicate any claim that he received a substantively unreasonable sentence.  *See* 18 U.S.C. § 3742(a) and (c); *United States v. Calderon*, 428 F.3d 928, 932 (10th Cir. 2005) (stating, in the Rule 11(c)(1)(C) plea context: "Where a defendant agrees to and receives a specific sentence, he may appeal the sentence only if it was (1) imposed in violation of the law, (2) imposed as a result of an incorrect application of the Guidelines, or (3) is greater than the sentence set forth in the plea agreement. Otherwise, the Court lacks jurisdiction over the appeal.") (internal citation omitted); *United States v. Armendariz-Reza*, 502 F. App'x 810, 812–13 (10th Cir. 2012) (finding court of appeals lacked jurisdiction to consider defendant's challenge to the procedural and substantive reasonableness of his sentence, because defendant received sentence he bargained for in Rule 11(c)(1)(C) plea agreement).

the denial of a constitutional right."[37]  A petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[38]  A petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA.  He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[39]  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims.  In fact, the statute forbids it."[40]  For the reasons detailed in the Court's Memorandum and Orders, Petitioner has not made a substantial showing of the denial of a constitutional right, and the Court denies a COA as to its ruling denying his § 2255 motion without a hearing.

   **IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Demetrio Quesada's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 877) is DENIED without a hearing; Petitioner is also denied a COA.

   **IT IS SO ORDERED.**

Dated: December 5, 2016

                              S/ Julie A. Robinson                
                              JULIE A. ROBINSON
                              UNITED STATES DISTRICT JUDGE

---

[37]28 U.S.C. § 2253(c)(2).  The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[38]*Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

[39]*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[40]*Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).